UNITED STATES, Appellee,

v.

Sergeant E–5 Ardell BADGER, Junior, SSN 455–90–8456, United States Army, Appellant.

CM 437616.

U. S. Army Court of Military Review.

7 June 1979.

Captain Julius Rothlein, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Willard E. Nyman, III, JAGC, and Captain R. Wade Curtis, JAGC.

Captain Harry J. Gruchala, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major Robert B. Williams, JAGC.

Before MITCHELL, DRIBBEN and De-FORD, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant was convicted, pursuant to his plea, of the voluntary manslaughter of his wife, in violation of Article 119, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 919. His sentence as approved was confinement at hard labor for six years, to forfeit $265.00 pay per month for seventy-two months and to be dishonorably discharged from the service.

On appeal, as he did below, appellant raises the issue of speedy trial. He was placed in pretrial confinement on 1 May 1978 and remained there until his trial began on 31 August 1978, a total of 122 days. Appellant concedes that seven days delay was the responsibility of the defense, thus arguably leaving the Government accountable for 115 days. He asserts that

the *Burton*[1] standard applies and that the Government did not meet its heavy burden. The Government on the other hand contends that *Burton* does not apply as a sufficient period of time is deductible from its accountability so as to bring the period of its responsibility to less than 90 days. Those deductible periods consist of the time attributable to appellant's request for individual military counsel and the time required for a sanity board's examination of appellant. We will discuss those two periods separately.

## I

In regard to the accountability of the time for processing the request for individual military counsel and the appeal from the determination of nonavailability, certain facts must be presented.

On 3 May the accused requested that Captain John A. Zimmerman serve as his individual military counsel. Captain Zimmerman was then assigned to the Second Infantry Division in Korea. The request was denied on 10 May. On 15 May the accused appealed the determination of nonavailability. That appeal was not finally denied until 29 June 1978. During the period of the appeal the investigating officer appointed under Article 32, UCMJ, 10 U.S.C. § 832, and the staff judge advocate's office of the United States Army Infantry Center made "numerous inquiries" about the status of the appeal. The investigating officer had been appointed on 8 May; however, the investigation was held in abeyance pending the outcome of appellant's appeal of his request for counsel. On 28 June the investigating officer was relieved of his duty due to his imminent permanent change of station. The next day a new officer was appointed, who scheduled a hearing for 12 July. On 7 July detailed defense counsel requested that the scheduled hearing be delayed until 19 July. On that latter date the initial Article 32 hearing was held, during which the defense presented evidence that caused the investigating officer to request a sanity board (this matter will be discussed subsequently).

The appellant contends that the time taken to act on the request for counsel and the appeal should not be attributable to him as he did not request that the investigation be held in abeyance pending action on his request as was done in *United States v. Roman,* 5 M.J. 385 (C.M.A.1978). We find this contention to be without merit as it is implicit in his request to be represented by individual military counsel that he did not wish to continue in the proceedings without his chosen lawyer. Article 32 of the Code provides that an accused has a right to individual military counsel at the Article 32 hearing if he is reasonably available. Proceeding without that counsel, if he were found to be available, would have at least deprived the accused of the protection of Article 32. We will not presume that despite making the request for counsel appellant was willing to proceed without him.

Nevertheless, we must decide if an inordinate amount of time was consumed in determining the availability of Captain Zimmerman. In this regard we cannot countenance the entire period required for processing the appeal. Although appellant submitted his appeal through the local staff judge advocate's office at Fort Benning on 15 May, that office did not forward it to the appellate authority until 22 May. In our opinion that took six days more than apparently necessary. Additionally, we see no justification for the extended period taken to act on the appeal from 22 May to 29 June 1978. Granting the fact that great distances were involved and lines of communication may have been difficult to establish, we discern no reason why a determination on the appeal could not have been made more expeditiously. Considering the circumstances of this case fifteen days would have been reasonable. Therefore, we will exclude from government accountability the one day period it should have taken to prepare and transmit electronically the appeal from Fort Benning to Eighth Army (15–16 May), and the fifteen days it should

---

1. *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

have taken to act on the appeal. Accordingly, we deduct sixteen days from government accountability as a reasonable time for disposing of the matter. *See United States v. Powell*, 2 M.J. 849 (A.C.M.R.1976). Thus, to this point the Government remains responsible for 99 days.[2]

## II

The next period which must be examined to determine accountability is that from 19 July, when the investigating officer requested a sanity board, through 22 August, when the results of the sanity board were officially issued. The sanity board request was prompted by testimony to the investigating officer from a psychiatrist called by the defense. He testified that the appellant most likely had a psychotic illness of the schizophrenic paranoid type and that he was psychologically impaired when he killed his wife. Faced with this testimony the investigating officer was obligated to request a sanity board. Paragraph 121, Manual for Courts-Martial, United States, 1969 (Revised edition).

Although, as noted above, the sanity board's report was not issued until 22 August, the investigating officer obtained the board's preliminary recommendation and finalized his report, forwarding it on 7 August. For the reasons set forth below we find that the entire period is excludable from government accountability for *Burton* purposes.

In *United States v. McClain*, 1 M.J. 60 (C.M.A.1975), the Court of Military Appeals did not count an 18 day period, required for a sanity board, against the Government. In that case the investigating officer requested the board because of his concern for the accused's sanity and the defense counsel requested a delay in the Article 32 hearing pending the board's report. In our case there is no evidence that the accused affirmatively requested a delay; however, we find that to be of no import in deciding whether to charge

against the Government the time required for the board. We are persuaded that those periods must be excluded from government accountability. *United States v. Hill*, 2 M.J. 950 (A.C.M.R.1976), *pet. denied* 2 M.J. 236 (C.M.A.1977). An arbitrary application of speedy trial rules where a doubt arises about the accused's sanity may lessen the willingness of responsible officials to inquire fully into the issue. Equally undesirable would be measures which impose time limitations on medical personnel which may interfere with this inquiry. *Hill, supra*, at 952–953. *See United States v. Beach*, 1 M.J. 118, 119 (C.M.A.1975) (Cook, J., dissenting); 18 U.S.C. § 3161(h)(1)(A). *See also United States v. Leonard*, 3 M.J. 214 (C.M.A.1977). Therefore, as the case could not properly be referred to trial without the report, we deduct 35 days. The Government is then accountable for a total of 64 days and *Burton* does not apply. The record shows that due diligence was exercised in bringing appellant before a court-martial and he was not denied a speedy trial.

The findings of guilty and the sentence are affirmed.

UNITED STATES, Appellee,

2. The period for processing the initial request for counsel did not delay the proceedings, therefore that time has not been deducted from government accountability. *See United States v. Henderson*, 1 M.J. 421 (C.M.A.1976).