**UNITED STATES, Appellee,**

v.

**Private (E–2) John T. DAYE, SSN 501–68–7659, United States Army, Appellant.**

**CM 442506.**

U.S. Army Court of Military Review.

25 Oct. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Lawrence F. Klar, JAGC, and Captain Edmund S. Bloom, Jr, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain James C. Underhill, Jr, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Contrary to his pleas appellant was found guilty by a military judge sitting as a general court-martial of attempted larceny and larceny in violation of Articles 80 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 921. He was sentenced to a bad-conduct discharge, confinement at hard labor for nine months and forfeiture of $300.00 pay per month for nine months. The convening authority approved the sentence.

Appellant has raised three assignments of error for our consideration, but only one warrants discussion. Relying on *United States v. Williams,* 4 M.J. 336 (C.M.A.1978), and *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), appellant contends that the military judge erred by failing to dismiss Charge I and its specification for lack of jurisdiction since the

offense involved an attempt to sell fake illegal drugs off-post to individuals appellant believed were civilians.

In *United States v. Williams,* a confidential informant approached the accused and suggested that the accused bring a fake drug with him when they went "downtown." The informant indicated he had a possible purchaser for the drug. 4 M.J. at 336–37. The accused followed the informant's suggestion and as a result sold the fake drug to an undercover criminal investigator off-post. The accused was charged with the offense of larceny by false pretenses. The Court of Military Appeals found the military had no jurisdiction over that offense.

The Government argues that *United States v. Williams,* has been overruled *sub silentio* by *United States v. Trottier,* 9·M.J. 337 (C.M.A.1980). We do not agree. Nor do we believe that *Williams* controls the disposition of this case. Instead, applying the rationale of *United States v. Lockwood,* 15 M.J. 1 (C.M.A.1983), we determine whether the military had subject-matter jurisdiction over appellant's off-post offense by assessing the impact appellant's offense had upon the military enclave of Fort Carson.

The course of criminal conduct which ultimately led to appellant's offense of attempted larceny began on Fort Carson. On 23 November 1981, appellant made his first sale of fake illegal drugs to Special Agent Charles Baker and Private Donald Barthel. This sale occurred on-post. The following day these same individuals went to appellant's barracks room to acquire more drugs. Appellant informed Baker and Barthel that he did not have any drugs to sell at that time but was expecting a large shipment which he would sell to them for $1300.00. Appellant insisted that the future sale occur off post. After this meeting, Barthel called appellant at his orderly room a couple of times to confirm the proposed transaction. Additionally, Baker and Barthel met with appellant in his barracks room on 27 November 1981, the date originally scheduled for the transaction. Appellant had not re-

ceived his shipment on that date so the transaction was rescheduled for 30 November 1981. On 30 November 1981, the appellant, accompanied by Barthel, met Baker in the parking lot of a restaurant approximately three-tenths of a mile from post to exchange the drugs. Appellant was apprehended after he stated the price for the drugs and as he was attempting to display one of three jars of pills he had agreed to sell.

■ Contrary to appellant's assertion, we find the similarities between his case and *United States v. Williams* superficial. The nexus between appellant's conduct and the military enclave are far more extensive in this case than in *Williams.* Appellant established the economic relationship of "seller and buyer" with Baker and Barthel on post. As a result of this relationship, appellant negotiated the transactions which formed the basis for the attempted larceny, again while on post. The only significant activity that occurred off post was the actual exchange of property, and that occurred in close proximity to the post. Appellant, in effect, had established Fort Carson as his "place of business." The military has a compelling interest in punishing the offenses which resulted from this criminal enterprise.

Appellant's purported belief that Baker and Barthel were civilians does not reduce the military's interest. Indeed, the facts of this case compel us to consider the military status of Baker and Barthel in determining whether the military has jurisdiction over the offense. Despite appellant's claim that he believed the buyers to be civilians, the evidence, construed in the light most favorable to appellant, indicates that the status of Baker and Barthel was at best ambiguous. Since these individuals approached appellant on post, it was foreseeable that they were service-members. However, appellant never resolved their status but pursued, without hesitation, the sale of his fake drugs. Considering this fact, the fact that the attempted larceny was initiated on post and that the offense occurred in close proximity to post, we find appellant's attempted

larceny was service-connected and could be tried by court-martial.

 We find appellant's remaining assignments of error to be without merit but note a variance between the allegations of Charge I and the facts adduced at trial. The specification of Charge I alleges that the overt act committed by appellant for the offense of attempted larceny was the transfer of fake drugs. While the Government's proof established beyond a reasonable doubt that appellant was guilty of attempted larceny, the facts adduced at trial indicate that when appellant was apprehended he was in the process of transferring the fake drugs but had not consummated the transfer. The finding that appellant committed an attempted larceny by wrongfully transferring fake drugs is therefore incorrect.

The language in the specification concerning appellant's overt act for the attempted larceny is mere surplusage; nonetheless, we must resolve whether the variance between the language of the specification and the proof at trial prejudiced appellant. *See United States v. Lee,* 1 M.J. 15 (C.M.A.1975). Applying the test set forth in *United States v. Lee,* we find that the allegations of the specification did not mislead appellant to the extent he was unable to prepare adequately for trial. Moreover, appellant is fully protected against another prosecution for the same offense. The record thus discloses no substantial prejudice to appellant. However, we will modify the Specification of Charge I to accurately reflect appellant's offense as a matter of public record.

The findings of guilty of Charge I and its specification are affirmed except the words and figures "by wrongfully transferring to military police investigator Charles L. Baker, a member of the joint drug suppression team, 1,964 capsules, more or less, and 916 tablets, more or less, of what he, the said Private E2 John T. Daye, represented to be amphetamines and qualudes, respectively."

The remaining findings of guilty are affirmed. The sentence is affirmed.

Senior Judge WOLD and Judge COHEN concur.