UNITED STATES

: v.

**Staff Sergeant Kimberly K. BOWERS, FR 214–76–5023, United States Air Force.**

**No. ACM 24748.**

U.S. Air Force Court of Military Review.

13 Sept. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major G. Michael Lennon, USAFR.

Before FORAY, MURDOCK and O'HAIR Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A general court martial, consisting of a military judge alone, convicted the appellant, pursuant to her pleas, of possession and distribution of cocaine. She was sentenced to a bad conduct discharge, 14 months confinement, forfeiture of $300.00 per month for ten months, and reduction to airman basic. On appeal, she asserts three errors: first, that her plea was improvident; second, that the two specifications are multiplicious for findings; and third, that the military judge erred by admitting evidence of her cocaine possession extending beyond the times discussed with the judge during the plea inquiry. We disagree with all three assertions and affirm.

### I

The appellant was charged in Specification 1 with possessing cocaine "on divers occasions from about 1 August 1983 to about 31 May 1984" and in Specification 2 with distributing cocaine "on divers occasions from about 1 September 1983 to about 31 December 1983." The military judge conducted an extensive inquiry into her plea and properly found it to be provident. R.C.M. 910(d) and (e). During the judge's inquiry, the appellant admitted she had possessed and transferred cocaine to another servicemember on two occasions. Her description of these transfers placed them both within the time alleged by Specification 2. Further, she stated that these occasions were the only times she had pos-

sessed or transferred cocaine. However, during the discussion of Specification 1, she admitted that the possessions had occurred between 1 August 1983 and 31 May 1984 and that the offense was properly described by Specification 1.

 The appellant now asserts that so much of her plea of guilty to Specification 1 as relates to a time period longer than that alleged by Specification 2 is inconsistent with the proof and therefore improvident. She argues that because her testimony was limited to the time period alleged by Specification 2, and no other evidence was presented to show a longer period, the evidence relied on for conviction of Specification 1 was inconsistent with the dates alleged by the specification. Her argument misses the mark on two grounds. First, an accused can be convicted solely on the basis of a providently entered guilty plea. R.C.M. 910(g); Air Force Regulation 111–1, Military Justice Guide, 1 Aug. 84, 4–4. During her discussion of the plea with the military judge, she stated that her possessions of cocaine were fairly described as occurring between the dates alleged by Specification 1. Second, Article 45(a), U.C.M.J., 10 U.S.C. § 845(a), only requires rejection of a guilty plea when matters are introduced that are truly inconsistent with the plea. *United States v. Turner*, 11 M.J. 784 (A.C.M.R.1981); *United States v. Logan*, 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973). The possessions and transfers she discussed with the military judge were completely embraced by the time periods of both specifications. Her testimony was not at all inconsistent with her plea.

### II

 The appellant next asserts that because her testimony was limited to two occasions of possession and transfer, and since the total amount possessed was transferred each time, the two specifications were multiplicious for findings. Her assertion ignores the difference in the times alleged by the two specifications. By providently pleading guilty to the two spec-

ifications with their different time periods, she admitted that the specifications were true. Because of this difference in times alleged, the same proof will obviously not suffice for both specifications, and the specifications are properly separate for findings.

### III

 Finally, the appellant asserts that the military judge erred by admitting and considering evidence of other possessions of cocaine if, as she asserts, there was no evidence submitted prior to findings and no admissions during the providency inquiry to support a finding of guilty to a period larger than that alleged by Specification 2. This assertion misses the critical importance of a guilty plea. No evidence other than a provident guilty plea need be introduced to prove an entire specification. *United States v. Lucas,* 1 U.S.C.M.A. 19, 1 C.M.R. 19 (1951); R.C.M. 910(g); Air Force Regulation 111–1, Military Justice Guide, 1 Aug. 84, 4–4. Her plea proved the entire Specification 1, and information relating to the entire time period was properly considered during the sentencing portion of the court-martial.

### IV

We have reviewed the record of trial, the appellant's assertions of error, and the government's reply. The findings of guilty and the sentence are correct in law and fact and are AFFIRMED.

FORAY, Senior Judge, and O'HAIR, Judge, concur.