## UNITED STATES

### v.

**Gregory J. ESSLINGER, 358 62 6566 Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 88 0004.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 25 Sept. 1987.

Decided 15 April 1988.

---

Maj. R.P. Walton, USMC, Appellate Defense Counsel.

Lt. Wendell M. Sims, JAGC, USNR, Appellate Defense Counsel.

Capt. Wendell A. Kjos, JAGC, USN, Appellate Government Counsel.

Before BYRNE, C.J., and GLADIS and ALBERTSON, JJ.

ALBERTSON, Judge:

Appellant was convicted, after mixed pleas, before military judge alone, of one specification each of unauthorized absence, missing movement through neglect, and wrongful use of marijuana, violations of Articles 86, 87, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 887, and 912a, respectively. He was sentenced to ninety days confinement, forfeitures of $400.00 pay per month for three months, reduction to pay grade E–1, and a bad-conduct discharge. The findings and sentence were approved on review below. We need resolve only one issue, the propriety of the military judge accepting the appellant's plea of guilty to the wrongful use of marijuana and his entering of findings *sua sponte* by exceptions and substitutions.

Appellant plead guilty to the offense of wrongful use of marijuana on 16 July 1987 at or near San Diego. The military judge found appellant guilty by substituting "Atlanta, Georgia" for "San Diego, California." During the providence inquiry appellant admitted that he had wrongfully used marijuana in Atlanta, Georgia, near the date of 16 July 1987. R. 34–35. The problem that the Court has with the findings of the military judge is that the appellant's factual account of the events upon which the military judge based his findings by exceptions and substitutions to the specification as plead creates, in our mind, a factual impossibility.

Appellant admitted that he was in an unauthorized absence status from 25 May to 13 July 1987 when he was apprehended by civilian police in his hometown of Metropolis, Illinois, and confined awaiting disposition by military authorities. He was further confined by military authorities from the day he was returned to military control until the date of trial, 25 September 1987. In fact, on 16 July, the day the military judge found him guilty of wrongfully using marijuana in Atlanta, Georgia, he was confined in the San Diego brig. In light of the appellant's travel agenda, he could not have used marijuana in Atlanta on 16 July and been tested by urinalysis on the same date at the San Diego brig.

What is obvious from the record and from the answers the appellant gave during providency is that the Government merely pled the date the appellant was tested by urinalysis rather than the more flexible standard practice of pleading "during the period ... to ...", which is generally designated a date commencing sometime prior to the date the servicemember submitted a specimen for urinalysis testing to and including the date of testing. In short, the Government pled the date the offense was discovered rather than the date it was committed. That period of inclusive dates

used is that which conforms to the scientifically found and accepted life of the metabolite that identifies the controlled substance in the human system. Can we affirm the findings of the military judge based upon what appears to be a factual impossibility which the military judge did not clarify with the appellant during providency? We believe we can and do.

Well recognized is the principle in military pleading that "on or about" is proper when approximation of the date is sufficient because time is not a matter of substance. *United States v. Brown*, 4 U.S.C. M.A. 683, 16 C.M.R. 257 (1954). Here appellant admitted he understood that the date alleged was the date of the urinalysis testing, that he had used marijuana wrongfully, that he had used it in Atlanta during the time that he was an unauthorized absentee and that he used it "some time near that date", *i.e.*, the date alleged. Accordingly, while the military judge's findings by exceptions and substitutions as to place appear to create a factual impossibility on the face of the charge sheet, the appellant's answers during providency reflect a complete understanding and knowledge of his offense and also placed him on notice of the underlying factual impossibility if he narrowly construed the pleadings. The appellant admitted to his wrongful use of marijuana while he was an unauthorized absentee, and regardless of the exact date of the usage, the period of his acknowledged wrongful use is closely related to the date of the offense plead. He did not object to the date or place plead; he persisted in his plea, and accepted without objection the military judge's *sua sponte* findings by exceptions and substitutions. We accept appellant's answers as factually sufficient to sustain the findings of the military judge. Thus, while the answers provided by the appellant and the findings of the military judge are at variance with the pleadings as to place and date of the offense committed, we find no reasons appearing in the record to make us believe that the variance found by the military judge impaired the appellant's ability to prepare for trial or that the technical variance between the offense alleged and the offense found in any way prejudiced the appellant, *e.g.*, that it would in any way subject him to future prosecution arising out of the same course of conduct. *United States v. Felty*, 12 M.J. 438 (C.M.A.1982). *See also United States v. Epps*, 25 M.J. 319 (C.M.A.1987).

Accordingly, we approve the findings of guilty to Charge III and its specification. We also affirm the remaining findings of guilty and the sentence as approved on review below.

Chief Judge BYRNE and Judge GLADIS concur.