**UNITED STATES**

v.

**Technical Sergeant James A. LYMBUR-NER, FR 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, United States Air Force.**

**ACM 27423.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 3 Nov. 1988.

Decided 11 July 1989.

Appellate Counsel for the appellant: Colonel Richard F. O'Hair, Major Mark R. Bell and Captain Bernard E. Doyle, Jr.

Appellate Counsel for the U.S.: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Kathryn I. Taylor.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

The appellant was found guilty, pursuant to his pleas, of ten specifications of fraudulently making checks without sufficient funds, in violation of Article 123a, UCMJ, 10 U.S.C. § 923a and of desertion.

■ The appellant initially asserted that the government had unnecessarily delayed bringing the case to trial, in violation of R.C.M. 707, by conducting a sanity board when the appellant's sanity was not in issue. This issue was completely litigated at trial and resolved against the appellant. We will not overturn that proper result. R.C.M. 707(c)(1)(A). *United States v. McClain*, 1 M.J. 60 (C.M.A.1975); *United States v. Badger*, 7 M.J. 838 (A.C.M.R. 1979).

During our initial review of the case, we discovered an issue we felt needed further briefing. We specified the following issues:

### I

IN LIGHT OF THE APPELLANT'S UNEXPLAINED PLEA OF GUILTY TO A GREATER OFFENSE THAN HE HAD AGREED TO IN THE PRETRIAL AGREEMENT, AND THE TRIAL DEFENSE COUNSEL'S STATEMENT THAT HE FELT THE REVISED PLEA WAS "TO THE CONVERSE" OF PUTTING THE GOVERNMENT IN A "LESSER POSITION THAN IT WOULD HAVE BEEN [WITHOUT THE INCREASED PLEA]", DID THE APPELLANT RECEIVE ADEQUATE REPRESENTATION FROM HIS TRIAL AND APPELLATE DEFENSE COUNSEL?

### II

WAS APPELLANT'S PLEA TO CHARGE II AND ITS SPECIFICATION PROVIDENT?

These specified issues were a result of our concern about the possible incongruity between the pretrial agreement and the pleas the appellant actually entered. As they were alleged, the check offenses would authorize significantly higher maximum punishment as violations of Article 123a, UCMJ, than they would as violations of Article 134, UCMJ, 10 U.S.C. § 934. Additionally, Article 134, UCMJ, check offenses are lesser included offenses of Article 123a, UCMJ, check offenses. In the pretrial agreement, the appellant agreed to plead guilty to the check offenses as violations of Article 134, UCMJ. Instead, at trial he pleaded guilty to the check offenses as violations of Article 123a, UCMJ. Both appellate defense and appellate government counsel have now responded to the specified issues.

■ Concerning our first specified issue, we hold that the appellant's plea to a greater offense did not indicate that his trial or appellate representation was inadequate. During the plea inquiry, the military judge asked trial defense counsel about his reason for the plea:

Counsel, let me just ask you one thing just so it's clear from the record. Obviously the pretrial agreement was talking with regard to a plea to the lesser included offense. Do I presume that there's tactical reasons involved in going ahead and offering to plea [sic] to the offense as charged?

The trial defense counsel answered, "Yes, Your Honor." As a general rule, we will not second-guess the counsel where there was a "plausible basis" for a tactical decision at trial. *United States v. Rivas*, 3 M.J. 282, 289 (C.M.A.1977); *United States v. Mansfield*, 24 M.J. 611, 617 (A.F.C.M.R. 1987). We are convinced there were valid tactical reasons for the pleas. We will not disturb them.

■ Concerning the second specified issue, we hold that the appellant's pleas to the Article 123a, UCMJ, offenses were

provident. The appellant's responses during the plea inquiry indicated clearly that he had committed the charged offenses, understood the elements of the offenses, and that he admitted having committed the offenses as charged. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Article 45(a), UCMJ, 10 U.S.C. § 845(a), only requires rejection of a guilty plea when matters are introduced that are truly inconsistent with the plea. *United States v. Bowers*, 20 M.J. 1003 (A.F.C.M.R. 1985). Here the evidence and the responses to the plea inquiry were all consistent with the plea. Further, a guilty plea is not automatically rendered improvident by an accused's earlier confession to a lesser offense, or by an accused's earlier agreement to plead to a lesser offense. Once it is established that the plea is provident, no evidence other than the guilty plea need be introduced. *United States v. Lucas*, 1 U.S. C.M.A. 19, 1 C.M.R. 19 (1951); R.C.M. 910(g).

We have examined the record of trial, the assignment of errors, and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.