**UNITED STATES**

v.

**Airman Lester J. MATURA, FR 456–39–4620, United States Air Force.**

**ACM 28500.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 March 1990.

Decided 18 Jan. 1991.

Appellate Counsel for the Appellant: Colonel Richard.F. O'Hair; Captain Richard W. Aldrich and Major G. Michael Lennon, USAFR.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr.

Before MURDOCK, KASTL, O'HAIR and MILLS, Appellate Military Judges.

OPINION OF THE COURT

KASTL, Senior Judge:

Upon pleas of guilty, Airman Matura was found guilty of wrongfully using amphetamines on divers occasions between 1 *January 1989* and 17 October 1989.

Upon our review of the record, we found several indications in the guilty plea inquiry and stipulation of fact that Matura's wrongful use ran from *May 1989* to October 1989. This apparent discrepancy was not noted below.

The question before us is whether we should address the matter at this level and modify the findings.

We recognize competing considerations. On the one hand, the criminal record of a convicted individual should fairly reflect his/her wrongdoing. *See United States v. White,* 28 M.J. 530 (A.F.C.M.R.1989); *United States v. Cimoli,* 10 M.J. 516, 519 n. 7 (A.F.C.M.R.1980); *United States v. Tyler,* 14 M.J. 811, 813 (A.C.M.R.1982). *See also United States v. Hyska,* 29 M.J. 122, 125 (C.M.A.1989); *United States v. Maglito,* 20 U.S.C.M.A. 456, 43 C.M.R. 296, 300 (1971).

On the other hand, a cogent argument exists that we need not engage in legal hokus-pokus to tidy-up a variance after trial defense counsel has failed to object. After all, if the defender sees no reason to protest, why should we? *See United States v. Bowers,* 20 M.J. 1003 (A.F.C.M.R. 1985). This is particularly attractive when the accused, as here, is protected from a second prosecution and has not been misled. *See United States v. Lee,* 1 M.J. 15 (C.M.A.1975); *United States v. Jackson,* 23 M.J. 650, 654 (N.M.C.M.R.1986); *United States v. Daye,* 17 M.J. 555, 557 (A.C.M.R. 1983).

In the past, we—and other Courts of Review—occasionally have refashioned findings to more accurately reflect "the nature or the stigma of the offense." *United States v. Maglito,* 43 C.M.R. at 300. *See, e.g., United States v. Alexander,* ACM 28184, 1990 WL 38147 (9 March 1990); *United States v. Watson,* ACM 28172 (8 Feb 1990); *United States v. Daye,* 17 M.J. at 557. *See also United States v. Ritenour,* 41 C.M.R. 414, 416 (A.C.M.R.1969).

After careful analysis of alternative avenues, we have reached consensus in regard to minor variances, such as limited differences in dates or amounts alleged: *Unless the matter is raised at trial, we will consider it waived absent plain error.*

Our refusal to micro-manage is buttressed by two facts. First, defense advocates know far better than we whether a valid objection exists. (For example, there may be a Pandora's box of uncharged offenses the defense is wary of opening during a guilty plea inquiry). Second, the military judge typically can be counted on to capably insure that a guilty plea inquiry, stipulation of fact, or other evidence conforms to the charge. These trial participants are excellent guarantors that findings of guilty faithfully reflect what the individual did. Providing further safeguards for an accused at the appellate level would put us too far into the role of Sorcerer's apprentice.

Our rule is prospective only. We will "grandfather" this appellant. We approve only so much of the findings of guilty as finds that he wrongfully used amphetamine on divers occasions from on or about 1 May 1989 to on or about 17 October 1989. A corrected court-martial order will be issued.

The findings of guilty, as amended, and the sentence are correct in law and fact and, upon the basis of the entire record, are

AFFIRMED.

Senior Judge MURDOCK and Judge MILLS, concur.

Senior Judge O'HAIR did not participate.