**UNITED STATES, Appellee,**

v.

**Staff Sergeant Troy L. MILLER, 137–50–0410, United States Army, Appellant.**

**ACMR 9002819.**

U.S. Army Court of Military Review.

22 Jan. 1992.

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Contrary to his plea, the appellant was found guilty of using cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1982 and Supp. V 1987). A military judge sitting as a special court-martial sentenced the appellant to a bad-conduct discharge. The convening authority approved the sentence.

The appellant assigns the following errors:

### I.

THE MILITARY JUDGE ERRED BY FINDING APPELLANT GUILTY OF AN OFFENSE NOT CHARGED BY THE GOVERNMENT.

### II.

APPELLANT'S CONVICTION CANNOT BE SUSTAINED BECAUSE THIS COURT CANNOT DETERMINE WHETHER THE ACT OCCURRED WITHIN THE PERIOD CHARGED BY THE GOVERNMENT.

We disagree with both contentions and affirm.

Both assertions of error are directly related to the date and location alleged in the specification and the dates and location found by the military judge by exceptions and substitutions. The appellant's conviction of cocaine use was based on the results of a random urinalysis held at his unit at Fort Hood, Texas, on 12 July 1990. He was charged with wrongfully using cocaine "at or near Fort Hood, Texas, on or about 12 July 1990." The military judge convicted the appellant of using cocaine "at some

For Appellant: Captain Timothy P. Riley, JAGC, Captain Cynthia J. Rapp, JAGC, Captain Michael P. Moran, JAGC (on brief).

unknown location between 3 July 1990 and 12 July 1990." [1]

## I.

 As part of its proof, the government presented the testimony of an expert witness from the drug-testing laboratory that processed the appellant's urine sample. The expert explained the laboratory's procedures, how the body produces benzoylecgonine (the metabolite used to indicate cocaine ingestion), and how benzoylecgonine is detected by scientific analysis of the urine.[2] In response to a question by the defense counsel, the expert witness agreed that if a person were to ingest even a small amount of cocaine, urine collected twenty hours after ingestion could still register above the Department of Defense cutoff level (and therefore register positive for cocaine use).[3] There was also admitted into evidence, without objection, a study published in a toxicology journal indicating that relatively small amounts of orally-ingested cocaine may cause positive urine test results at least forty-eight hours after ingestion, and that in other circumstances, cocaine may still be present in the urine after seventy-two hours.[4]

## II.

 If scientific-test evidence is used by the government to meet its burden of proof, the government must provide a rational basis for understanding this evidence. *United States v. Hunt*, 33 M.J. 345, 347 (C.M.A.1991); *United States v. Murphy*, 23 M.J. 310 (C.M.A.1987). If confusion results, the evidence may not be

legally or factually sufficient to convict. *See United States v. Mack*, 33 M.J. 251, 256 (C.M.A.1991). In this case, however, we find no confusion or fatal ambiguity in the scientific evidence. From the evidence presented, the military judge could conclude that the appellant ingested cocaine and could infer that the ingestion was knowing and wrongful. *Mack*, 33 M.J. 251; *United States v. Mance*, 26 M.J. 244, 254 (C.M.A.1988), *cert. denied*, 488 U.S. 942, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988). However, characteristic of most contested urinalysis cases, the government could not prove (and the fact-finder could not determine) *exactly where and when* the ingestion occurred. This inability is not significant because proof of the exact time and location of drug use is not required.

 Only when time is the essence of the offense do allegations concerning the date become a matter of substance. *United States v. Brown*, 16 C.M.R. 257 (C.M.A. 1954). Conversely, when time is *not* of the essence, even an erroneous statement of the date of the offense "constitutes a matter of mere form, and amendments are freely permitted where they do not operate to change the nature of the crime charged, and there is no showing that the defendant has been misled or prejudiced in his defense on the merits." *Id.* at 262; *United States v. Esslinger*, 26 M.J. 659, 660 (N.M.C.M.R.1988); *United States v. Freeman*, 23 M.J. 531, 537–38 (A.C.M.R.1986), *pet. denied*, 26 M.J. 289 and 290 (C.M.A. 1988) (2 cases). We believe that this same reasoning may also be applied to location as well as date.

---

**1.** The appellant's defense was innocent ingestion. Both he and a nephew testified that the ingestion probably occurred at a party following a softball game at Fort Worth on 11 July, the night before the random urinalysis. The witnesses testified that the cocaine may have been in the punch served at the party because they saw cocaine being used a few feet from the punch bowl. When they noticed cocaine being used at the party, they immediately left the party at the appellant's suggestion. By his findings, it is clear that the military judge rejected the defense theory.

**2.** *See United States v. Boulden*, 29 M.J. 44 (C.M.A.1989), for a similar explanation of how

the body metabolizes benzoylecgonine from cocaine and how this metabolite is detected in urine and measured by the military's drug laboratories.

**3.** In this regard, the defense counsel's strategy and the questions he asked the expert witness are similar to those described in *United States v. Sparks*, 29 M.J. 52 (C.M.A.1989), *cert. denied*, 493 U.S. 1024, 110 S.Ct. 730, 107 L.Ed.2d 748 (1990).

**4.** This same study was one of two discussed in *United States v. Sloan*, 30 M.J. 741 (A.F.C.M.R.), *pet. denied*, 32 M.J. 41 (C.M.A.1990).

■ Any conflict between the pleadings and proof raises the legal issue of variance rather than one of sufficiency of the evidence. *United States v. Rath*, 27 M.J. 600, 604 (A.C.M.R.1988), *pet. denied,* 29 M.J. 284 (C.M.A.1989). "A variance between pleading and proof exists when the evidence adduced at trial establishes the commission of a criminal offense by the accused but this proof does not conform strictly with the criminal offense alleged within the specification of the charge." *Id.* When confronted with such an issue, this court must test for prejudice. *United States v. Lee*, 1 M.J. 15, 16 (C.M.A.1975); *Rath*, 27 M.J. 600; *United States v. Daye*, 17 M.J. 555, 557 (A.C.M.R.1983). Finally, minor variances as to time are waived if the issue is not raised at trial. *United States v. Matura*, 32 M.J. 671 (A.F.C.M.R. 1991).

■ Because it is often impossible to prove the exact date and location of drug use, and because time and location are not the essence of the offense, there is some latitude permitted in pleading and proving offenses of this sort. In reviewing a urinalysis case involving "on or about" pleading, the Navy–Marine Court of Military Review observed:

> [T]he Government merely pled the date the appellant was tested by urinalysis rather than the more flexible standard practice of pleading "during the period ... to ...", which is generally designated a date commencing sometime prior to the date the servicemember submitted a specimen for urinalysis testing to and including the date of testing. In short, the Government pled the date the offense was discovered rather than the date it was committed. That period of inclusive dates used is that which conforms to the scientifically found and accepted life of the metabolite that identifies the controlled substance in the human system.

*Esslinger*, 26 M.J. at 660–61.

■ In entering his findings, the military judge in the instant case was utilizing this "more flexible standard practice" described by the Navy–Marine court. Therefore, we can understand why the military judge excepted the date of 12 July and substituted a period of time ending with 12 July, and found that the use of cocaine occurred at an unknown location.[5] Moreover, there is sufficient evidence of record to permit the military judge to reasonably conclude that the appellant used the cocaine within a nine-day period. His selection of the specific period of nine days, while not explained, is not unreasonable and is within his fact-finding powers in viewing the evidence before him.

■ We hold that any minor variances caused by pleading the date of the urinalysis or in the military judge's findings by exceptions and substitutions do not constitute error. Even assuming, *arguendo,* that the military judge erred by changing the "on or about" date to a period of nine days, the error was not prejudicial to the appellant. By lengthening the period of time, the military judge, in effect, created a greater double-jeopardy protection for the appellant than existed with the "on or about" language. *Lee,* 1 M.J. 15; *Matura,* 32 M.J. 671. Finally, even if error, it was waived. *See Matura,* 32 M.J. 671.

We find that the evidence is legally and factually sufficient to prove the appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

### III.

The appellant, pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), asserts that his defense counsel was ineffective for not calling a witness that could have exonerated him and for not meeting with other witnesses in a timely manner. On 3 October 1991, we invited the appellant

---

5. While we understand the military judge's reasoning in the present case, it was not necessary that he find by exceptions and substitutions since the "on or about" language of the specification was sufficiently precise without amendment. The military judge's decision to find by exceptions and substitutions, while not required, was likewise not error.

to elaborate on his allegation in the form of an affidavit. Having been given ample time to submit an affidavit, the appellant has failed to do so. Nevertheless, the government has submitted an affidavit answering the general allegations. We find that the appellant has failed to show that his counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *United States v. Scott*, 24 M.J. 186 (C.M.A.1987).

The finding of guilty and the sentence are affirmed.

Senior Judge JOHNSON and Judge WERNER concur.