UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant JOSHUA L. ROCK
 United States Army, Appellant

 ARMY 20061065

 Joint Readiness Training Center and Fort Polk
 Victor L. Horton, Military Judge
 Colonel James W. Herring, Jr., Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Teresa L. Raymond, JA; Captain Richard P.
Pizur, JA (on brief); Colonel Christopher J. O’Brien, JA; Lieutenant
Colonel Steven C. Henricks, JA; Captain Nathan J. Bankson, JA; Captain
Richard P. Pizur, JA (on reply brief).

For Appellee: Major Elizabeth G. Marotta, JA; Lieutenant Colonel Francis
C. Kiley, JA; Major Mary E. Braisted, JA (on brief).

 24 April 2008

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 This case is before us for review under Article 66, Uniform Code of
Military Justice, 10 U.S.C. §866 [hereinafter UCMJ]. Although not raised
by appellant, we find error in the findings of the court-martial as
described below.

 Appellant was charged, inter alia, with six specifications of wrongful
use of a controlled substance (cocaine, marijuana, ecstasy, and
methamphetamines), in violation of Article 112a, UCMJ. Although all uses
were alleged to have occurred “at or near Fort Polk, Louisiana,” appellant
indicated during the providence inquiry that the situs of all the illegal
drug use was Morgan City, Louisiana. See United States v Miller, 34 M.J.
598, 601 (A.C.M.R. 1992) (failure to establish precisely where and when
drug use under Article 112a, UCMJ, occurred is irrelevant since proof of
exact time and location of drug use is not required to prove the offense).
To safeguard appellant’s double jeopardy rights, we will amend the
specifications to conform to his responses in the providence inquiry.
Accordingly, we amend Specifications 1 through 6 of Charge III to delete
the words “Fort Polk” and substitute the words “Morgan City,” and affirm
the findings of guilty to the specifications as amended. See generally
United States v. Allen, 50 M.J. 84, 86 (C.A.A.F. 1999) (“To prevail on a
fatal-variance claim, appellant must show that the variance was material
and that it substantially prejudiced him.” (citation and quotation marks
omitted)).

 The remaining findings of guilty are affirmed. We have considered the
assignment of error and those matters personally raised by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find
them to be without merit. Reassessing the sentence on the basis of the
error noted, the entire record, and applying the principles of United
States v. Sales, 22 M.J. 305 (C.M.A. 1986) and United States v. Moffeit,
including Judge Baker’s concurring opinion, 63 M.J. 40, 43 (C.A.A.F. 2006),
the court affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court