# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BECK[1], SULLIVAN, and BAIME
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class ELISA E. GONZALEZ**
**United States Army, Appellant**

ARMY 20080111

Headquarters, 8th United States Army
John M. Head, Military Judge
Colonel Steven T. Strong, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Teresa L. Raymond, JA; Captain Richard P. Pizur, JA (on reply brief).  Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Teresa L. Raymond, JA; Captain Richard P. Pizur, JA (on brief).

For Appellee:  Colonel Denise R. Lind, JA; Lieutenant Colonel Francis C. Kiley, JA; Captain Clare L. O'Shaughnessy, JA (on brief).

26 June 2009

------------------------------------
OPINION OF THE COURT
------------------------------------

BECK, Chief Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of attempted distribution of marijuana, wrongful use of marijuana on divers occasions, wrongful distribution of marijuana on divers occasions, and possession of marijuana with intent to distribute, in violation of Articles 80 and 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 880 and 912a (2008).  The military judge sentenced appellant to a bad-conduct discharge, confinement for thirteen months, forfeiture of all pay and allowances, and reduction to the rank of Private E-1.  The convening authority approved the sentence as adjudged.  This case is before the court for review pursuant to Article 66, UCMJ.

---

[1] Chief Judge BECK took final action while on active duty.

Appellant asserts he was improvident in his plea of guilty to possession with intent to distribute 1.3 grams of marijuana (Specification 3 of Charge II). For the reasons stated below, we disagree.

**FACTS**

On 3 July 2007, appellant left Duffey's Club at Camp Humphreys to smoke a "blunt," a cigar which he had previously hollowed out and filled with marijuana. Private First Class (PFC) D and Specialist (SPC) W, both military policemen, approached appellant, who offered to let them smoke the blunt. Both declined, telling appellant they were going to the field the next day. Private First Class D reported this incident to the Criminal Investigation Command (CID), which, with his aid, set up a controlled buy of marijuana from appellant.

During the morning of 12 July 2007, appellant met with PFC D and an undercover CID special agent. Appellant offered to sell marijuana to the undercover agent at a time and location later that day. Following this meeting, and in preparation for the drug purchase, appellant obtained 4.1 grams of marijuana from PFC J, his supplier. Thereafter, appellant placed the marijuana in his pocket and went to the prearranged location. Contrary to his belief that all the marijuana was in one bag, 1.3 grams became loose from the bag in his pocket. Appellant intended to distribute all of the marijuana in his pocket, having resolved this would be his last drug transaction.

That afternoon, appellant sold the undercover agent the 2.8 grams of marijuana contained in the bag in his pocket for $100.00.[2] Appellant intended to sell all the marijuana in his possession to the agent and thought he had done so, but was unaware 1.3 grams of marijuana remained in his pocket. After selling the marijuana, appellant was apprehended and searched, at which time the remaining 1.3 grams of marijuana were found in his pocket. Appellant subsequently confessed that during the previous three months he distributed marijuana three to four times a week, usually in $50.00 quantities. In total, appellant admitted to distributing approximately fifty-five (55) grams of marijuana during the course of about fifty (50) drug transactions.

---

[2] Appellant was not separately charged with the distribution of the 2.8 grams of marijuana to the undercover CID special agent. He was charged with distributing fifty-five (55) grams to various soldiers between 3 April 2007 and 12 July 2007. This included the 2.8 grams of marijuana (Charge II, Specification 2), but did not include the 1.3 grams of marijuana that was the subject of Specification 3 of Charge II.

**LAW**

*Guilty Plea*

A court shall not accept a guilty plea where "an accused . . . sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently . . . ." Article 45, UCMJ. "[W]e review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007). To establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980). Once the military judge has accepted the pleas and entered findings based upon them, this court will not set them aside unless we find a substantial conflict between the pleas and the accused's statements or other evidence of record. *Shaw*, 64 M.J. at 462. More than a "mere possibility" of conflict is required. *Id*. (citation and quotation marks omitted). Instead, this court must find "something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322.

**DISCUSSION**

On appeal, appellant contends he raised matters inconsistent with his plea of guilty during the providence inquiry into Specification 3 of Charge II when he stated he did not know he had the 1.3 grams of marijuana in his pocket because he thought he had distributed all the marijuana in his possession. To determine whether the military judge abused his discretion in accepting the guilty plea, we must review the factual basis of the guilty plea and the providence inquiry.

Appellant concedes the military judge correctly advised him of the elements of possession with intent to distribute marijuana. Additionally, appellant, in the Stipulation of Fact, admitted to each of the elements of the offense.[3] The military judge advised appellant of the nature and significance of the stipulation, and appellant agreed "under oath and in open court" the stipulation was true and correct to the best of his knowledge. During the providence inquiry, the following colloquy occurred between the military judge and appellant:

---

[3] Specifically, the stipulation of fact states: Appellant "wrongfully possessed about 1.3 grams of marijuana, a schedule I controlled substance with the intent to distribute. After being apprehended on 12 July 2007, CID lawfully collected about 1.3 grams of marijuana off of the [appellant's] person. [Appellant] knew that the substance he possessed was marijuana. . . . Finally, [appellant] intended to give the marijuana to other soldiers."

MJ:  And did you give them all of the drugs that you had at that time?

ACC:  I thought I did, sir, but one of them fell in my pocket and was left there and I didn't know until they searched me, sir.

MJ:  When you said "One of them," what do you mean, "One of  them?"

ACC:   When it's in a bag, sir, usually with all of my stuff I put it in – usually it's in a separate package.  So I tried to put it in the other bag and perhaps the other one fell into my pocket.

MJ:  Was [sic] there multiple bags in one bag?

ACC:  No, it was just one bag and I had a folded receipt one, sir, that I thought that I was going to keep but I put it in the bag--I thought I put it in the bag, but at the time I was----  I was just wanting to get rid of it, sir.

MJ:  So you thought that you had given them all of the drugs?

ACC:  But it happened to fall in my pocket, sir.

MJ:  But a small portion [was] still in your pocket?

ACC:  Yes, sir.

MJ:  And what were you planning to do with that one---

ACC:  I didn't know it was in my pocket, sir.

MJ:  With what was there, did you plan to give all that you had?

ACC:  Yes, sir.

MJ:  So, when you left with however much you left with that you were going to give, you weren't going to have any left over?

ACC:  No, sir.

MJ:  That you intended to distribute all of it?

ACC:  Yes, sir.  That's why nothing was in my room, sir,
at the time of the search.

Appellant told the military judge he knew the 1.3 grams of marijuana were indeed marijuana.  Appellant also told the military judge he had no reason to dispute the marijuana weighed 1.3 grams.  At no time did appellant attempt to raise a defense that he lacked knowledge of the contraband nature of the 1.3 grams of marijuana in his pocket or that someone had "planted" the marijuana in his pocket without his knowledge.  *See United States v. Mance*, 26 M.J. 244, 249 (C.M.A. 1988) (discussing "innocent possession" due to accident or mistake).  In fact, appellant readily admitted he obtained the 1.3 grams of marijuana from his supplier, knew it was marijuana, and placed it in his pocket intending to sell it all to the undercover agent.

On appeal, appellant focuses narrowly on a snapshot in time, the moment of his apprehension.  Significantly, however, appellant was charged with possession of the 1.3 grams of marijuana "on or about 12 July 2007."  Appellant committed the offense of possession of marijuana (both the 2.8 grams and the 1.3 grams) with intent to distribute when, on 12 July 2007, he obtained the 4.1 grams from his supplier with the intent of distributing all of it.  At the moment appellant's supplier provided him the 4.1 grams of marijuana (comprised of both the 2.8 grams and the 1.3 grams appellant obtained with intent to distribute), all elements of the offense of possession with intent to distribute were satisfied as to both the 1.3 grams and 2.8 grams of marijuana.  *Cf. United States v. Miller*, 34 M.J. 598, 601 (A.C.M.R. 1992) ("Because it is often impossible to prove the exact date and location of drug use, and because time and location are not the essence of the offense . . . some latitude is permitted in pleading and proving offenses of this sort.").

A person who knowingly possesses a substance and thereafter misplaces or forgets about it or through inadvertence fails to distribute all of what he intended is nonetheless guilty of knowing possession when that substance is thereafter found within the person's control.  Subsequent forgetfulness or negligence in possession does not negate otherwise-knowing possession of a controlled substance under Article 112a.[4]

---

[4] We specifically disapprove any implication to the contrary in Dept of the Army Pam. 27-9, Legal Services -- Military Judges' Benchbook, paragraph 3-37-1, note 3 and encourage the drafters to revise the note.

This is not a case where an accused sets up a "matter inconsistent with the plea." *See United States* v. *Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996). Appellant's statement that he did not know the 1.3 grams of marijuana were still in his pocket was consistent with his statement that prior to the drug distribution he decided this would be his last drug transaction, that he would sell all of the marijuana he had. He further supported this explanation by pointing out to the military judge that no marijuana had been found during the search of his room.

Appellant's statement that he did not know the 1.3 grams of marijuana were in his pocket, in the context of the providence inquiry, was a mitigating explanation, not a matter setting up a defense or a "matter inconsistent with the plea" of guilty to Specification 3 of Charge II.

> We should not overlook human nature as we go about the business of justice. One aspect of human beings is that we rationalize our behavior and, although sometimes the rationalization is "inconsistent with the plea," more often than not it is an effort by the accused to justify his misbehavior.
>
> A good trial judge can usually sort out the guilty plea and determine if an accused is so pleading because he has committed the offense charged.

*United States v. Penister*, 25 M.J. 148, 153 (C.M.A. 1987) (Cox, J., concurring). In this case, the military judge did just that, carefully eliciting the factual basis of the guilty plea.

Appellant's mitigating explanation, while a rationalization, was not inconsistent with his plea of guilty. He wanted the military judge to know that even before being apprehended he had resolved to stop selling marijuana and that is why he thought he had distributed all of the marijuana to the undercover CID agent and why no marijuana was found in his room. After an extensive providence inquiry, the military judge asked appellant's counsel whether he believed any further inquiry was necessary, and appellant's counsel indicated that no further inquiry was needed.[5] The military judge accepted the plea as provident and entered findings based on it.

"Once the military judge has accepted a plea as provident and has entered findings based on it, an appellate court will not reverse that finding and reject the

---

[5] There has been no suggestion that appellant's defense counsel was ineffective. Indeed, a review of the proceedings reveals that appellant was effectively represented by able counsel. Significantly, the adjudged sentence was below the sentence agreement appellant had with the convening authority.

plea unless it finds a substantial conflict between the plea and the accused's statement or other evidence of record." *Garcia*, 44 M.J. at 498. In this case, appellant has failed to raise a "substantial conflict" requiring this court to reject the plea. "A 'mere possibility' of such a conflict is not a sufficient basis to overturn the trial results." *Garcia*, 44 M.J. at 498.

The military judge established "an adequate basis in law and fact to support the plea before accepting it." *Inabinette*, 66 M.J. at 321-22. The military judge below, following a thorough inquiry, elicited substantial evidence from the appellant which, coupled with the stipulation of fact, supported the plea of guilty to possession with intent to distribute the 1.3 grams of marijuana. The Court of Appeals for the Armed Forces has emphasized that this is an area where military judges face unique challenges and must be allowed "broad discretion;" appellate courts should afford military judges "significant deference." *Inabinette*, 66 M.J. at 322. As our superior court recognizes,

> [t]here exist strong arguments in favor of giving broad discretion to military judges in accepting pleas, not least because facts are by definition undeveloped in such cases. Indeed, as stated in *Jordan*, an accused might make a conscious choice to plead guilty in order to limit the nature of the information that would otherwise be disclosed in an adversarial contest. As a result, in reviewing a military judge's acceptance of a plea for an abuse of discretion appellate courts apply a substantial basis test: Does the record as a whole show a substantial basis in law and fact for questioning the guilty plea.

*Id*. at 322 (citations omitted). The military judge below did not abuse the "broad discretion" afforded to him in obtaining from the appellant an adequate factual basis to support the plea. In reviewing the record as a whole, appellant failed to demonstrate a substantial basis for overturning his guilty plea. Accordingly, we find the military judge's findings of guilt correct in law and fact. *See United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996).

## CONCLUSION

Upon consideration of the entire record, including those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty and the sentence are AFFIRMED.

Senior Judge SULLIVAN and Judge BAIME concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court