UNITED STATES, Appellee,

v.

George R. LEE, Airman First Class, U.S. Air Force, Appellant.

No. 28,930.

U. S. Court of Military Appeals.

April 18, 1975.

*Major John A. Cutts, III,* argued the cause for Appellant, Accused. With him on the brief was *Colonel William E. Cordingly.*

*Colonel C. F. Bennett* argued the cause for Appellee, United States.

OPINION OF THE COURT

COOK, Judge:

The problem presented by this case results from the fact that the Government charged accused with violating a general

regulation [1] by possessing "marijuana in the hashish form" [2] and the military judge found him guilty, by exceptions and substitutions, of possessing "marijuana in the form of three growing marijuana plants." [3] In light of this difference between what was charged and later found, the Judge Advocate General of the Air Force, in accordance with Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869, directed review of the summarized record by the Court of Military Review. He specified an issue which sought to determine if there was a fatal variance between the specification and the findings. When that court answered the question in the negative, the Acting Judge Advocate General of the Air Force, in turn, certified for our consideration substantially the same issue, namely:

WAS THE AIR FORCE COURT OF MILITARY REVIEW CORRECT IN HOLDING THAT THERE WAS NO FATAL VARIANCE BETWEEN THE SPECIFICATION AND THE FINDINGS.

The evidence at trial showed that the substance of which accused was found guilty of possessing was part of a larger amount of marijuana that had been found and seized in an apartment occupied by him. In addition to two flower pots in which marijuana plants were growing and which accused acknowledged belonged to him, the authorities found and seized marijuana in the hashish form as well as in the form of vegetable matter and seeds. Because other evidence indicated that most of the substance may have belonged to a third party who had been present at the time, and apparently on the basis of accused's admission of ownership of the plants, the military judge, sitting alone as a general court-martial, returned the modified findings as indicated hereinbefore.

█ Considering the question of variance, it must be remembered that even where there is a variance in fact, the critical question is one of prejudice. *United States v. Craig,* 8 U.S.C.M.A. 218, 24 C.M.R. 28 (1957); *United States v. Hopf,* 1 U.S.C. M.A. 584, 5 C.M.R. 12 (1952). These same holdings in *Craig* and *Hopf* emphasize that the element of prejudice is assessed by a dual test: (1) has the accused been misled to the extent that he has been unable adequately to prepare for trial; and (2) is the accused fully protected against another prosecution for the same offense.

█ Applying the foregoing to the facts of this case, the record discloses no substantial prejudice. With regard to the first part of the test, the record shows that defense counsel was fully aware of the different forms of marijuana that were contemplated by the charge. At the outset of trial and before entering a plea, counsel for accused made a motion to suppress any substances "other than that specifically stated in the matters charged." This motion was based on the wording of the specification in which the offense was alleged. Counsel also stated he felt there would be certain substances offered to establish the quantities set forth in the charge and specification which would not qualify for admission based on the manner that the offense was charged. The military judge did not rule on the motion, but said he would hear objections at the time the evidence was offered by the prosecution. Later, when a prosecution witness started to testify about the potted plants of marijuana, defense

1. Air Force Regulation 30–19 (March 24, 1973).

2. The specification read as follows:
   In that AIRMAN FIRST CLASS GEORGE R. LEE, United States Air Force, 36th Security Police Squadron, did, at Bitburg, Germany, on or about 1 September 1973, violate a lawful general regulation, to wit: paragraph 31, Air Force Regulation 30–19, dated 30 July 1971, by wrongfully having in his possession 1,320.90 grams, more or less, of marijuana in the hashish form.

3. The military judge entered the following finding:
   Of Specification 2 of the Charge: Guilty, except the words "1,320.90 grams, more or less, of marijuana in the hashish form," substituting therefor, respectively, the words "a small quantity of marijuana in the form of three growing marijuana plants," of the excepted words, Not Guilty, of the substituted words, Guilty.

counsel renewed his motion in the form of an objection and grounded the same on his prior argument by noting that the specification had charged "marijuana in the hashish form." Counsel added that anything other than "hashish in the marijuana form" [sic] would be improper and inappropriate. However, after trial counsel informed the military judge that the plants were part of the quantities covered in the specification, the objection was overruled with defense taking an exception to the ruling, but he did not seek a continuance or other form of relief to meet a new issue. Under all the circumstances, it is reasonable to conclude that defense, although unsuccessful in its tactic, was neither misled nor otherwise unable to adequately prepare for trial.

Turning to the second aspect of the test, protection against double jeopardy can be predicated upon the evidence in the record of the prior prosecution. An examination of the evidence and the findings in this record demonstrates sufficient safeguards exist against another charge of wrongful possession of marijuana on the date involved. Even though summarized, the record amply reflects that all forms of the substance were found in the apartment occupied by accused, and these substances were presented by the Government to support the charge. Since the facts of record can readily be established, the second arm of the test for determining lack of prejudice is fully met.

■ True enough, hashish is a resin collected from *cannabis sativa*, and thus a concentrated form which makes it much stronger than crude marijuana, with an effect that is more intense, but these factors do not change what was charged in the specification. Rather, the conduct proscribed by paragraph 31 of AFR 30–19 was the possession of "any such drug as specified in para. 1," where, in subparagraph 1(e), marijuana was described and defined as "[t]he intoxicating products of the hemp plant, *cannabis sativa* (including hashish), or any synthesis thereof." The wrongful possession of marijuana by accused was charged as being violative of the cited paragraph with the added description "in the hashish form." However, because the form of the substance was not essential to constitute the offense and might be entirely omitted without affecting the charge against accused, it was mere surplusage and could be disregarded. *Mathews v. United States*, 15 F.2d 139 (8th Cir. 1926).

Although no direct authority has been found in which marijuana and its different forms were the subject of consideration in a comparable situation, there are analogous holdings dealing with other drugs or contraband which confirm our position. Illustrative is the opinion in *United States v. Schrenzel*, 462 F.2d 765 (8th Cir. 1972).[4] There, the defendant was charged in separate counts with selling capsules containing d- and dl-amphetamine sulphate and methamphetamine hydrochloride. A Government chemist in the first instance identified the substance as merely d- and dl-amphetamine, plus its commercial name (Desoxyn), but made no mention of sulphate. In the second instance, the chemist added the prefix dl- to amphetamine hydrochloride, and again gave its commercial name. The defendant claimed there was a fatal variance in both cases, but the court unanimously held that neither was of any merit. In so holding, the court squarely relied on the rule set forth in *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), which had been reiterated in both *Hopf* and *Craig*, cited and set forth above. Moreover, in *Schrenzel*, the court took cognizance of an early holding to the contrary in *Guilbeau v. United States*, 288 F. 731 (5th Cir. 1923), where a fatal variance had been found between a charge of selling morphine sulphate and the evidence showing the sale of morphine hydrochloride. However, the view was expressed that *Guilbeau* had been overruled in effect, by the

---

4. *See also Bronstein v. United States*, 17 F.2d 12 (8th Cir. 1927), and *Meyers v. United States*, 3 F.2d 379 (2nd Cir. 1924), both of which involved transactions concerning intoxicating liquors, and in each, the beverage proved at trial was different than the one alleged in the indictment.

later opinion of the Supreme Court in *Berger.* Likewise, by footnote, the court pointed out that Judge Thurman Arnold, speaking for the Court of Appeals for the District of Columbia Circuit, had so held in *Cromer v. United States*, 78 U.S.App.D.C. 400, 142 F.2d 697, 698, *cert. denied*, 322 U.S. 760, 64 S.Ct. 1274, 88 L.Ed. 1588 (1944).[5]

Accordingly, the certified question is answered in the affirmative and the decision of the Air Force Court of Military Review is affirmed.

Senior Judge FERGUSON concurs.

Judge QUINN did not participate in the decision of this case.

arguments have been uniformly rejected, based on the different species of marijuana found to exist.