**UNITED STATES**

v.

**Private First Class Robert M. LONG, 099–46–2851, U. S. Army, Headquarters and Headquarters Battery, 1st Infantry Division Artillery, Fort Riley, Kansas.**

**SPCM 12107.**

U. S. Army Court of Military Review.

Sentence Adjudged 12 Feb. 1976.

Decided 30 Nov. 1976.

Appellate Counsel for the Accused: CPT Derryl W. Peden, JAGC; CPT John C. Carr, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Richard A. Cefola, JAGC; CPT John F. DePue, JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

FELDER, Judge:

The appellant was charged with two specifications of selling heroin in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. A special court-martial convicted him on both counts of delivering heroin in violation of the same Article. The approved sentence requires our review of the case pursuant to Article 66, UCMJ.

█ The appellant participated in two controlled purchases of heroin orchestrated by criminal investigators at Fort Riley, Kansas. He was introduced to an informant by another soldier. Both knew the informant was a serviceman but neither was aware that he was an undercover agent. The appellant agreed on each occasion to procure heroin for the informant. The agreements were made on post. In each instance the informant picked up the appellant at the latter's unit and drove him to nearby Junction City, Kansas, where he purchased small quantities of heroin. The appellant delivered the drugs the first time to the informant and the second time to an unsuspected criminal investigator.

The appellant contends before this Court that the military did not have jurisdiction over the offenses because the deliveries occurred outside the territorial confines of a military installation and the offenses were not service connected. *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). We conclude otherwise. When the United States Court of Military Appeals recently analyzed the transfer of drugs under similar circumstances, it determined there was sufficient military significance to justify the exercise of court-martial jurisdiction.[1] The facts of this case compel the same result.

1. *United States v. McCarthy*, 2 M.J. 26 (September 24, 1976); *see also United States v. Kelly*, 2 M.J. 1029 (A.C.M.R. 1 November 1976); *United States v. Burston*, 2 M.J. 1015 (A.C. M.R. 27 October 1976); *United States v. Zorn*, 2 M.J. 1012 (A.C.M.R. 21 October 1976).

■ We must also decide whether one, who having been charged with violating a general regulation by selling heroin, may lawfully be convicted by exceptions and substitutions of violating the same regulation by delivering heroin.

Paragraph 4–2a(7)(a)(1), Change 2, Army Regulation 600–50, (19 April 1972), provides in part:

Except as authorized by regulation or other competent authority, military personnel will not: use, possess, *sell,* distribute, *deliver,* process, compound, or manufacture any controlled substance within the meaning of the "Controlled Substance Act" (84 Stat. 1242, 21 U.S.C. 801, et seq.). (emphasis added).

■ It is a firm rule of law that the wrongful possession, procurement or transfer of illicit drugs are not lesser included offenses where the specification alleges only the sale of drugs in violation of Article 134, UCMJ, 10 U.S.C. § 934. *United States v. Fruscella,* 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971); *United States v. Maginley,* 13 U.S.C.M.A. 445, 32 C.M.R. 445 (1963); *United States v. Smith,* 45 C.M.R. 619 (A.C.M.R. 1972).[2] The sale of drugs involves a transfer of title with or without possession, while mere possession does not involve the exchange of title interest. Procurement and transfer[3] of drugs are acts which extend beyond the conveyance of title and may constitute nothing more than the exchange of possession. *United States v. Maginley, supra,* at 447, 32 C.M.R. at 447. It is obvious then that drugs may be sold without being delivered. Further, an averment of sale under Article 134 does not fairly imply delivery.

Our primary concern here is not whether delivery of a controlled substance is an offense included in its alleged sale because delivery and sale are equivalent proscriptions under the regulatory provision. It is apparent that the purpose of the regulation is to prohibit *all* unauthorized drug activities. The gravamen of the offense under Article 92 lies in the violation of the regulation, irrespective of the manner in which it is done, whereas, drug offenses charged under Article 134 make punishable the *specific* conduct or transaction that is alleged, i. e., sale, possession, transfer, use or introduction.

Since both sale and delivery of illicit drugs are prohibited by the regulation, we must now determine if there is a fatal variance between the specifications and the findings.[4] To answer this question, we must assess (1) whether the appellant had been misled to the extent that he has been unable adequately to prepare for trial; and (2) whether he is protected against another prosecution for the same offenses. *United States v. Lee,* 23 U.S.C.M.A. 384, 50 C.M.R. 161, 1 M.J. 15 (1975); *United States v. Craig,* 8 U.S.C.M.A. 218, 24 C.M.R. 28 (1957); *United States v. Hopf,* 1 U.S.C.M.A. 584, 5 C.M.R. 12 (1952).

Applying the first part of the foregoing test to this case, the record discloses that the defense counsel was fully aware of the nature and identity of the offenses of which the appellant was convicted, that is, a violation of a specific provision of Army Regulation 600–50. Although no evidence was presented on behalf of the appellant prior to findings, the defense counsel's tactics during cross-examination were designed to show that the appellant was not a seller but

---

**2.** *See also United States v. Mizner,* 49 C.M.R. 26 (A.C.M.R.1974), in which this Court held that the wrongful disposition of government property was not a lesser included offense of the wrongful sale of government property.

**3.** We consider the terms "transfer" and "deliver" to be synonymous for the purposes of this decision. 21 U.S.C. § 802(8).

**4.** Permissible findings include the exception from the specification of one or more words or

figures, when necessary, and the substitution of others, provided the facts as so found constitute an offense by the accused which is punishable by the court and provided such an action does not change the nature or identity of any offense charged in the specification or increase the amount of punishment that might be imposed for any such offense. Paragraph 74b(2) of the Manual for Courts-Martial, United States, 1969 (Revised edition.).

an agent. He was successful in one regard and not so convincing in the other. He argued:

> The government has quite simply failed to prove beyond a reasonable doubt that the accused on the 18th of October and the 24th of November 1975 committed the offense of selling heroin. Very clearly he did not have any source of heroin to sell of his own. He took—if anything, he took the CID agents' money, he went to another who was in the business of selling heroin, and obtained it from them, perhaps in the hope of reward [of heroin] from the CID agents themselves. He was very clearly acting as an agent for the CID authorities, and on that basis should not be found guilty of the charge.

Under all the circumstances of this case, it is reasonable to conclude that the defense was neither misled by the allegations of sale nor otherwise hampered in preparing for trial.

In considering the second portion of the test, we must assess the probabilities of double jeopardy by examining the specifications and findings together with the evidence of record. *United States v. Hopf,* supra, at 586, 5 C.M.R. at 14. The specifications and findings state with particularity the time and place of the incidents, the identity and amount of drugs involved, and the persons to whom they were delivered. The drugs were assigned CID identification codes and laboratory case numbers and accounted for each time they were relinquished by one person to another. With respect to the first charge, the entire amount of substance was consumed in laboratory analysis. It is difficult to perceive the corpora of the present offenses being used as a basis for subsequent charges. By using the record of trial, the appellant would have no difficulty in preventing a second prosecution of the instant offenses.

The findings and sentence are affirmed.

Senior Judge JONES and Judge FULTON concur.

UNITED STATES

v.