UNITED STATES

v.

**Airman First Class Thomas A. CIMOLI, FR 337–60–0642, United States Air Force.**

ACM S24885.

U. S. Air Force Court of Military Review.

Sentence Adjudged 24 July 1979.

Decided 16 Oct. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Colonel Michel Levant, USAFR.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

The alleged errors are related to the providency of a plea of guilty and impeachment of the adjudged sentence by a contemporaneous recommendation for clemency. We find no prejudicial error, and affirm modified findings of guilty and the approved sentence.

█ In Specification 6 of the Charge, the accused pled guilty to wrongful use of marihuana in the hashish form on 17 March 1979. During the military judge's providency inquiry, the accused stated it was marihuana in the natural form that he had used on that occasion.[1] Nevertheless, based

---

1. The prosecution did not seek to prove the accused used hashish, except insofar as it introduced the stipulation of fact concerning the circumstances of the offenses. The accused's assent to that portion of the stipulation must be rejected in view of his explicit repudiation of it at trial.

solely upon his plea, without further inquiry, comment, or objection, the accused was found guilty as charged.[2]

Appellate defense counsel assert that, in these circumstances, the plea was improvident; the conflicting stipulation of fact was improperly admitted; and the supervisory authority erred in failing to correct the adjudged findings to conform to the plea.[3]

■ Clearly, an accused may not be convicted, solely pursuant to pleas of guilty, of an offense more serious than warranted by the facts he admits to and relates during the providency inquiry by the military judge. *United States v. Care*, 18 U.S.C. M.A. 535, 40 C.M.R. 247 (1969). The question then is whether wrongful use of hashish is a more serious offense than use of marihuana in its natural state. Both appellate defense counsel and appellate government counsel have cited *United States v. Lee*, 1 M.J. 15 (C.M.A.1975) in support of their conflicting positions on the matter. Basically, *Lee* is inapposite. It deals with the question of whether there is a fatal variance, in a litigated case, between an allegation of wrongful possession of 1.32 kilograms of hashish and a finding of wrongful possession of three small, live marihuana plants. Needless to elaborate, the test for fatal variance in a litigated case is quite different from the test for providence of a guilty plea.

■ What is proscribed by Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934 is wrongful activity with marihuana. The form of the marihuana is irrelevant for purposes of guilt or innocence, be it embryonic plants, growing plants, dead plants, extracts of dead plants, or even brownies.[4] The offense charged, pled to, and found here was wrongful use of marihuana. The added allegation as to the form of marihuana was mere surplusage, without bearing upon the providency of the plea, or lawful validity of the findings.[5]

■ Quite apart from the technical validity of the findings, we now consider whether the presence of that language in the approved findings has in some way prejudiced the accused by aggravating the seriousness of the offense. The offense involved here was wrongful *use* of marihuana, and no specific amount was charged. Since the amount used is unknown, the concentration of the marihuana is not in itself significant in assessing the degree of impact upon the user.[6]

Moreover, it is clear from the record that the sentence adjudging and approving authorities were aware of the true nature of the accused's offense in Specification 6 of the Charge by virtue of their duties to examine the record, and the discussion of this "irregularity" in the review of the staff judge advocate. Thus, there is no require-

---

**2.** Our finding of no prejudice in this case should not be taken as approval of the inaction of the military judge, the trial counsel, and the defense counsel. In the face of obvious conflict presented by the accused's statements during the providency inquiry, each of these parties was under an independent duty to act.

**3.** There is no contention raised, or supported by the record, that the accused was convicted on his plea of a different (i. e., chronologically separate) offense than that charged. *See, United States v. Anderson*, 1 M.J. 498 (A.F.C.M.R. 1975). The contention here is simply that he admitted to committing the charged offense in a different manner than alleged.

**4.** *United States v. Ashworth*, 47 C.M.R. 702 (A.F.C.M.R.1973).

**5.** The distinction as to forms of marihuana is no more important for purposes of providency

of findings in this case than would be a distinction as to shades of color in a specification alleging wrongful appropriation of a brown automobile. Even if the accused steadfastly maintained that it was beige, findings of guilt as charged could be sustained based solely upon his plea. There the offense is wrongful use of an *automobile*; here it is wrongful use of *marihuana*.

**6.** Hashish is a concentrated form of marihuana which, by weight, normally contains a higher percentage of the active ingredient (tetrahydrocannabinol) than is present in unprocessed marihuana. Therefore, given identical weights, use of hashish would normally be a more serious offense than use of unprocessed marihuana.

ment for us to return the record or reassess the sentence. We will, however, modify the specification to accurately reflect the court's finding. We do so for two reasons: first, to clearly reflect the broader offense from which the accused is protected against further prosecution; and second, to accurately reflect the accused's adjudged transgression as a matter of public record.[7]

Appellate defense counsel also contend that the military judge impeached his announced sentence by making a contemporaneous recommendation for clemency, namely: "that the convening authority *consider* suspending the execution of the bad conduct discharge, or in the alternative, reducing it to a period of confinement." [emphasis added].

█ It is preferable, in making a contemporaneous recommendation for clemency, to clearly state that the adjudged sentence is appropriate even if the clemency recommendation is not adopted by higher authority. *See, United States v. Williams*, 2 M.J. 74 (C.M.A.1976); *United States v. Bender*, 1 M.J. 900 (A.F.C.M.R.1976). Nonetheless, we presume the military judge was aware of the legal relationship between his announced sentence and the immediately following recommendation for clemency, and such presumption is reinforced by the military judge's use of the word "consider," which we emphasized in quoting his recommendation.

█ We believe that recommendations for clemency should usually be made post–trial, when additional information may be available to the sentencing authority in making and supporting a decision to recommend clemency. Manual for Courts–Martial 1969 (Rev.), paragraph 77*a*. In this case, however, we are satisfied that the sentence was not impeached by the military judge because he understood the relationship between his recommendation and the adjudged sentence, and because the clearly

stated and prioritized alternatives in his recommendation could not have been implemented by him as recommended. *United States v. McLaurin*, 9 M.J. 855 (A.F.C.M.R. 1980).

The findings of guilty of Specification 6 of the Charge are modified to delete the words "in its hashish form." The findings of guilty, as modified, and the approved sentence, are

AFFIRMED.

POWELL, Senior Judge, concurs.

MILES, Judge (concurring in the result):

I agree that accused's plea of guilty was provident because he fully admitted use of marijuana even though he denied used of hashish. Of course, the findings of guilty must be conformed to accused's plea by deleting the reference to hashish. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). I fully agree with the conclusion of the majority that accused was not prejudiced, in this case, as to sentence since the military judge, who sentenced the accused, and the reviewing authority were both fully aware of the true nature of the offense.

However, I strongly disagree with one assertion of the majority opinion. In my view, an accused's use of hashish, the more potent drug, rather than simple marijuana is an aggravating circumstance, if properly proved, regardless of whether the amount of the drug used is known. Hashish is a resin collected from *cannabis sativa* and thus a concentrated form which makes it much stronger than crude marijuana, and with an effect that is more intense. *United States v. Lee*, 1 M.J. 15, 17 (C.M.A.1975); E. Brecher, *Licit and Illicit Drugs*, 395 (1972); D. Smith, "An Analysis of Marijuana Toxicity" in D. Smith, *The New Social Drug*, 63 (1970).

---

7. We do not mean to imply that every variance in a specification, no matter how minor, must ultimately be corrected. For example, where approximate dates or amounts are alleged, findings of guilty may be entered and approved despite minor variations, particularly where the accused, during the plea inquiry, indicates he agrees the variations are within the scope of the pleadings.