**UNITED STATES, Appellee,**

v.

**Matthew D. ALLEN, Specialist,
U.S. Army, Appellant.**

No. 97–1016.
Crim.App. No. 9501503.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 7, 1998.

Decided March 26, 1999.

Sullivan, J., filed opinion concurring in result.

EFFRON, J., delivered the opinion of the Court, in which COX, C.J., and CRAWFORD and GIERKE, JJ., joined. SULLIVAN, J., filed an opinion concurring in the result.

For Appellant: *Captain Jodi E. Terwilliger–Stacey* (argued); *Major Leslie A. Nepper* (on brief); *Colonel John T. Phelps, II, Lieutenant Colonel Michael L. Walters, Lieutenant Colonel Adele H. Odegard,* and *Major Holly S.G. Coffey.*

For Appellee: *Major Lyle D. Jentzer* (argued); *Colonel Russell S. Estey* (on brief); *Lieutenant Colonel Eugene R. Milhizer* and *Major Patricia A. Ham.*

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted appellant, pursuant to his mixed pleas, of rape (3 specifications), committing indecent acts (2 specifications), adultery (3 specifications), and providing alcoholic beverages to a minor (4 specifications), in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. Appellant was sentenced to a dishonorable discharge, confinement for 6 years, and reduction to the grade of E–1. The convening authority approved the sentence as adjudged, and the Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

On appellant's petition, we granted review of the following issue:

WHETHER THE EVIDENCE IS LEGALLY SUFFICIENT TO SUPPORT A FINDING OF GUILTY OF RAPE AND ADULTERY BECAUSE THE EVIDENCE PRESENTED AT TRIAL SIGNIFICANTLY VARIES FROM THE SPECIFICATIONS ALLEGED IN THE PLEADINGS.

At issue in this appeal is Charge II, consisting of six specifications of rape. Each specification addressed either a weekend in November or December 1994, and each specification further alleged that, within each such weekend, appellant committed rape "on divers occasions." For the reasons stated below, we conclude that the findings of guilty of rape should be consolidated into one specification, and as modified, we affirm the findings and the sentence.

I.

With respect to each of the rape specifications under Charge II, the victim was appellant's 15–year–old sister-in-law, T.P. At trial, the defense presented expert testimony by a clinical psychologist, Dr. Brams, detailing T.P.'s mental capabilities. According to Dr. Brams, T.P. suffered from "significant language deficits." T.P. tested in the bottom first percentile in her ability to understand directions, to communicate in her environment, and to understand what people told her. She scored in the second percentile in her understanding of the complexity of language. She scored in the ninth percentile in her ability to formulate sentences. Overall, her IQ score was 52, which, Dr. Brams testified, put her in "the moderately retarded range, the very high end of moderately retarded, the very low end of mildly mentally retarded."

T.P. testified at trial that she had engaged in sexual intercourse with appellant "more than once," but she was unable to identify the dates or the exact number of times that intercourse had occurred. She stated that the intercourse had occurred while her sister, appellant's wife, was at work. The Government also introduced testimony concerning a medical examination indicating that T.P. had experienced sexual intercourse, as well as testimony concerning appellant's access to T.P. The defense introduced contradictory medical testimony, as well as testimony disputing appellant's access on five of the six weekends covered by the six specifications.

The panel convicted appellant of three specifications of rape on divers occasions for the weekends of November 25–26, December 16–17, and December 30–31. The panel returned not guilty verdicts for the specifications alleging rape on December 2–3, 9–10, and 23–24.

II.

A. VARIANCE

Appellant contends that his convictions for rape should be set aside because the proof at trial varied significantly from the offenses alleged in the pleadings. He takes the position that the proof at trial was not specific as to the dates of the alleged rapes, that this lack of specificity constituted a variance, and that he was prejudiced by the variance be-

cause he is not protected from future prosecution for the same offenses.

The Government counters that there was no material variance between the offenses charged—rape on divers occasions over a period of six weekends—and those that were proved. The Government contends that, because testimony at trial established that the rapes had occurred during that same 6-week period, there was no fatal variance in this case.

■ A variance between pleadings and proof exists when evidence at trial establishes the commission of a criminal offense by the accused, but the proof does not conform strictly with the offense alleged in the charge. *See United States v. Lee*, 1 MJ 15, 16 (CMA 1975). "To prevail on a fatal-variance claim, appellant must show that the variance was material and that it substantially prejudiced him." *United States v. Hunt*, 37 MJ 344, 347 (CMA 1993).

■ Even assuming there was a variance in this case, it was neither material nor prejudicial. The Government charged the rapes as occurring "on or about" each of the six specified weekends. When a charge employs "on or about" language, the Government is not required to prove the specific date alleged in the charge. In this case, the victim was able to recall only that the rapes began when her sister, appellant's wife, began working outside the home. At trial, the Government introduced Mrs. Allen's work schedule, which showed that she began working weekends on November 11, 1994, and that she had worked on all of the weekends specified in Charge II. Although the evidence adduced at trial was not specific as to the particular dates on which intercourse occurred, the evidence focused on the identical time frame alleged in the specifications and, therefore, did not constitute a material variance.

Appellant was not prejudiced by the manner in which the offenses were charged. In order to show prejudice, appellant must show both that he was misled by the language of Charge II, such that he was unable adequately to prepare for trial, and that the variance puts him at risk of another prosecu-

tion for the same offense. *See Lee*, 1 MJ at 16. Far from misleading appellant, the specifications of Charge II established a finite time frame, which defense counsel then used to present a defense based on lack of access to the victim. In addition, the findings are sufficiently definite to protect appellant against another prosecution for the same offenses because the "on or about" language of the Charge II specifications enables him to rely on the record of trial and convictions in this case to establish a former jeopardy defense to any subsequent criminal proceeding based on the same conduct.

## B. SUFFICIENCY OF THE EVIDENCE

■ Appellant also argues that the evidence at trial was legally insufficient to support convictions for three separate specifications of rape on three separate weekends. In determining whether evidence is legally sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A conviction for three specifications for rape on divers occasions would entail a finding by the panel that at least two acts of intercourse occurred on each of the three weekends.

■ At trial, the victim's doctor testified that, based on a physical examination of the victim, he concluded that she had been "sexually active at least on several occasions in the past." The victim testified that she had engaged in intercourse with appellant "more than once." No further evidence was presented as to the number of times intercourse had occurred. Appellant's counsel contends that the proof, even when viewed in the light most favorable to the Government, could only support one specification of rape on divers occasions.

Appellant asserts that he did not have access to the victim on at least five of the six charged weekends. Various witnesses testified that T.P. spent weekends at a friend's house and that the friend had visited T.P. at her parents' house on other weekends during the 6-week time period at issue. There was

also testimony that appellant had spent several nights playing cards or bowling with the victim's parents. Based on this testimony, appellant argues that the evidence was insufficient to support even one specification of rape, because the evidence showed that he did not have access to the victim.

The Government responds that the medical evidence presented at trial was sufficient, when viewed in the light most favorable to the prosecution, to support convictions for the three specifications of rape on divers occasions. The Government refuted appellant's lack-of-access argument at trial by introducing evidence that he had told investigators that T.P. had stayed at his house almost every weekend. The Government argues that this evidence, in addition to the evidence that T.P. had been sexually active "more than once" or "on several occasions," could have led the panel to conclude that penetration occurred at least six times.

Regardless of whether the evidence demonstrated that appellant had raped T.P. on three specific, separate, and distinct weekends, the evidence introduced by the Government was sufficient evidence to sustain a finding under *Jackson v. Virginia, supra,* that appellant had raped T.P. on more than one occasion between November 25 and December 31, 1994. At oral argument, counsel for the Government was asked whether, in light of the multiple charges and the nature of the evidence, there was any societal interest to be served by charging appellant with six separate specifications of rape, rather than charging this crime as a course of conduct, with one specification of rape on divers occasions. The Government responded that there was no societal interest that would militate against a single consolidated specification covering a course of conduct with a start and end date. Counsel added that the Government would have no objection to such a consolidated specification. In view of the position taken by the Government, we conclude that it is appropriate to order consolidation of the three specifications appellant was found guilty of into a single specification alleging rape on divers occasions between November 25 and December 31, 1994.

▌ Appellant argues that a consolidation of the specifications in this case would necessitate a rehearing on sentence. Appellant's argument is based on the proposition that the original sentence was based on a minimum of six acts of penetration (at least two for each of the three specifications), while a new sentence would be based on a single specification, indicating only two or more penetrations.

Based on the manner in which the evidence was presented at trial, we do not agree that a rehearing on sentence is required. This is not a case in which the members were presented with specific evidence of multiple rapes on specific dates. Rather, in light of the limited capabilities of the victim, it is a case in which the members were presented with evidence from the victim that intercourse had occurred "more than once," along with evidence indicating the opportunity for appellant to be alone with the victim. We also note that the multiple findings of guilty did not increase the maximum punishment, because a single finding of rape would have carried the same maximum punishment—confinement for life. *See* para. 46e(1), Manual for Courts–Martial, United States (1995 ed.). It is noteworthy that appellant's sentence of 6 years' confinement—which covered convictions for a variety of offenses other than rape—was well below the maximum. In that context, we are confident that the members sentenced appellant based on the evidence of the course of conduct, which is reflected in the consolidated specification.

### III.

Specifications 1, 4, and 6 of Charge II are consolidated into the specification of Charge II.[1]

The decision of the United States Army Court of Criminal Appeals, as to modified

---

1. "In that SPC Matthew D. Allen, U.S. Army, did, at Fort Knox, Kentucky, between on or about 25 November 1994 and on or about 31 December 1994, on divers occasions, rape [T.P.], a person who had not attained the age of 16 years."

Charge II, and in all other respects, is affirmed.

SULLIVAN, Judge (concurring in the result):

Even with the Government's concession at oral argument, I am hesitant to join the majority's consolidation of the rape offenses. The consolidated specification approved by the majority violates RCM 307(c)(4) and 906(b)(5), Manual for Courts–Martial, United States (1995 ed.). Two or more offenses charged in one specification is generally contrary to military pleading practice. *See* D. Schlueter, *Military Criminal Justice* § 6–1(C)(2) at 282–83 (4th ed.1996).

On the sufficiency–of–evidence question, in my view, the evidence warrants affirmance of three specifications of rape under *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This rape victim was appellant's 15–year–old sister-in-law. The record shows that her mental capacity was that of a 6–year–old. The work schedule of Mrs. Allen, the testimony of the victim, and the doctor's testimony, when viewed under the lens of *Jackson v. Virginia, supra,* support the jury's verdict that the multiple sex offenses occurred during the 6–week window of the pleading.

As to the possible prejudicial variance in this case, appellant knew before trial that he was facing a wide window of time for the three rape specifications by the use of the "on or about" language and the 6–week time period. He also knew the limited ability of his victim to articulate the specific times of the charged crimes. Yet appellant did not ask for a bill of particulars. I find that, under these circumstances, he was not prejudiced in preparing for a fair trial.

Nevertheless, the affirmance of a single specification of rape "on divers occasions" during the entire time period is not an unfair disposition for appellant. *See United States v. Mincey,* 42 MJ 376, 378 (1995). Accordingly, I concur with the majority's result in this case.