# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JAMES L. MALADY**
**United States Army, Appellant**

ARMY 20120005

III Corps and Fort Hood
Patricia Lewis, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate
Lieutenant Colonel Craig E. Merutka, Acting Staff Judge Advocate

For Appellant:  Captain James S. Trieschmann, JA; Captain Matthew M. Jones, JA.

For Appellee:  Pursuant to A.C.C.A Rule 15.2, no response filed.

29 November 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave in excess of thirty days and wrongful use of marijuana in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and to be confined for four months. The convening authority approved the adjudged sentence and credited appellant with 15 days of confinement credit against the sentence to confinement.  This case is before us for review pursuant to Article 66, UCMJ.

Defense appellate counsel raises no assignment of error.  However, we note two issues which merit discussion but no relief.

**DISCUSSION**

*Pretrial Offer and Agreement*

In the Pretrial Offer and Agreement, appellant agreed to waive any motion under Rule for Courts-Martial [hereinafter R.C.M.] 707. (App. Ex. IV, ¶ 3). We need not decide whether this provision runs afoul of the prohibition against pretrial agreement terms depriving an accused of the right to a speedy trial. *See* R.C.M. 705(c)(1)(B). It is clear from the record appellant had no basis on which to make any R.C.M. 707 motion. Appellant was arraigned, on the 62nd day following preferral of charges, well within the 120 day limit established by R.C.M. 707. Consequently, no viable motion was waived.

*Variance*

Appellant pleaded guilty to and was convicted of wrongful use of marijuana between on or about 25 February 2011 and 25 March 2011, at or near Fort Hood, Texas. However, during the providence inquiry, appellant stated the charged use occurred in Arkansas. The location in this specification was not amended accordingly.

"A variance between pleadings and proof exists when evidence at trial establishes the commission of a criminal offense by the accused, but the proof does not conform strictly with the offense alleged in the charge." *United States v. Allen*, 50 M.J. 84, 86 (C.A.A.F. 1999) (citing *United States v. Lee*, 1 M.J. 15, 16 (C.M.A. 1975)). Such a variance is fatal if the variance is material and substantially prejudices the appellant. *Id.* (citing *United States v. Hunt*, 37 M.J. 344, 347 (C.M.A. 1993)).

Generally, any prejudice from variance is found by a showing that the appellant was misled, denied the opportunity to defend against the charge, or is not protected from another prosecution for the same offense. First, appellant was not misled or surprised. To the contrary, appellant was the one who informed the military judge he had used marijuana in Arkansas rather than at or near Fort Hood, Texas, between 25 February and 25 March 2011. Second, "[m]inor variances, such as the location of the offense or the date upon which an offense is allegedly committed, do not necessarily change the nature of the offense and in turn are not necessarily fatal." *United States v. Teffeau*, 58 M.J. 62, 66 (C.A.A.F. 2003). Accordingly, appellant was afforded full opportunity to defend himself against the charge. Finally, "protection against double jeopardy can be predicated upon the evidence in the record of the prior prosecution." *Lee*, 1 M.J. at 17. The facts in this record protect appellant against any second federal prosecution for marijuana use on the dates in question.

MALADY— ARMY 20120005

While we find appellant was not prejudiced by the difference in the pleadings and the proof, we stress the need for all participants at trial to pay close heed to the admissions made by an accused during the providence inquiry to ensure that any matters seemingly inconsistent with the plea can be resolved at trial and not on appeal. *See also United States v. Lubasky*, 68 M.J. 260, 265 (C.A.A.F. 2010) (noting that "variance" and findings by exceptions and substitutions pursuant to R.C.M. 918 occur at trial, not the appellate level).

**CONCLUSION**

On consideration of the entire record and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find appellant's *Grostefon* submission to be without merit. We hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3