# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class SHANE R. BLEVINS**
**United States Army, Appellant**

ARMY 20160165

Headquarters, 1st Cavalry Division (Rear)(Provisional)
Douglas Watkins, Military Judge
Lieutenant Colonel Oren H. McKnelly, Staff Judge Advocate (pretrial)
Lieutenant Colonel Scott E. Linger, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Melissa Covolesky, JA; Captain Ryan T. Yoder, JA; Captain Payum Doroodian, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA (on brief).

26 April 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of desertion, absence without leave (AWOL), wrongfully possessing marijuana, and two instances of wrongfully using marijuana, in violation of Articles 85, 86, and 112a Uniform Code of Military Justice, 10 U.S.C. §§ 885, 886, 912a (2012) [hereinafter UCMJ], and thereafter sentenced appellant to a bad-conduct discharge and confinement for eleven months.  The convening authority, pursuant to a pretrial agreement, approved the sentence except for that portion of confinement in excess of seven months.

Appellant comes before us pursuant to Article 66, UCMJ, and raises two issues.  First, he raises a discrepancy between the pleadings and the proof surrounding his AWOL conviction.  Second, he seeks relief for dilatory post-trial processing.  We grant relief as to the first issue, but no relief as to the second.

**DISCUSSION**

*1. AWOL*

Appellant's absence from his unit began on 30 September 2013 and ended when he was apprehended by civilian authorities pursuant to a deserter warrant on 22 June 2015. However, the Specification of The Charge alleged that appellant's absence was terminated twenty-six days later, "on or about 16 July 2015," the date when he was returned to military control. *See Manual for Courts-Martial, United States* (2012 ed.), pt. ¶ 10.c.(10)(e) ("When an absentee is in the hands of civilian authorities for other reasons and these authorities make the absentee available for return, the absence is terminated."); *United States v. Mullins,* ARMY 20090821, 2010 CCA LEXIS 30, *4 (Army Ct. Crim. App. 25 Mar. 2010) (mem. op.).

Appellant raises on appeal this discrepancy of twenty-six days between the charged specification and date his absence was terminated, as developed during his providence inquiry and in the stipulation of fact. Given the length of appellant's absence, however, the discrepancy does not alter the nature of the offense or the maximum punishment. "When the Government pleads an offense 'on or about' it is 'not required to prove the exact date, if a date reasonably near is established." *United States v. Barner*, 56 M.J. 131, 137 (C.A.A.F. 2001) (quoting *United States v. Hunt*, 37 M.J. 344, 347 (C.M.A. 1993); *See United States v. Allen*, 50 M.J. 84, 86 (C.A.A.F. 1999).

However, we need not decide whether 16 July 2015 is "on or about" 22 June 2015, as the government dutifully concedes the issue and requests that we provide appellant relief. We accept the government's concession and accordingly provide appellant with his requested relief in our decretal paragraph.

*2. Dilatory post-trial processing*

Appellant asks that we provide sentencing relief because it took 214 days for the convening authority to take action on appellant's case. Appellant alleges no prejudice but asks us to nonetheless grant relief. Specifically, appellant states that we should "grant relief to make clear that unreasonable delays in the military justice system will not be tolerated."

We look at our role more narrowly than does appellant. In cases of post-trial delay not amounting to a due process violation, we must still determine whether under Article 66(c), UCMJ the sentence "should be approved." Here, we find no due process violation occurred as a result of the post-trial delay, recognizing that a sentence may be correct in law and fact but still be inappropriate. As our review is not omnidirectional, it essentially means that we reduce sentences that in our

judgment are too high. In other words, when we conduct a sentence appropriateness review we are, in effect, only reviewing to see if a sentence is too severe.

If the sentence is just outright too severe, our duty is to lower the sentence such that it "should be approved." In the case where there is unreasonable post-trial delay, we face a second question: did the unreasonable delay turn what may have been an appropriate sentence for appellant's crimes into an inappropriate sentence? Or, in this case, is a sentence that includes seven months of confinement too severe a punishment given appellant's offenses, the sentencing evidence, and the unreasonable delay by the convening authority?

We answer this last question in the negative. The approved sentence remains lenient for appellant's offenses, even when we consider the unreasonable post-trial delay. The post-trial delay in approving appellant's court-martial did not make appellant's sentence inappropriate.

## CONCLUSION

We AFFIRM only so much of the finding of guilty as to the Specification of The Charge as provides:

> In that [appellant], U.S. Army, did, on or about 30
> September 2013, without authority, absent himself from
> his unit, to wit: Crazyhorse Troop, 1st Squadron, 3d
> Armored Cavalry Regiment, III Corps, located at Fort
> Hood, Texas, and did remain so absent until he was
> apprehended on or about 22 June 2015.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

BLEVINS—ARMY 20160165

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4