# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Airman KEVIN C. BURKHEAD
### United States Air Force

### ACM S32281

### 9 February 2016

Sentence adjudged 10 October 2014 by SPCM convened at Dyess Air Force Base, Texas.  Military Judges:  Shelly W. Schools and Lyndell M. Powell.

Approved Sentence:  Bad-conduct discharge.

Appellate Counsel for Appellant:  Captain Melissa Biedermann.

Appellate Counsel for the United States:  Lieutenant Colonel Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

ALLRED, SANTORO, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge:

At a special court-martial, Appellant pled guilty to the wrongful use of oxycodone, a Schedule II controlled substance, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. Contrary to his plea, he was convicted by officer members of the wrongful use of cocaine, also in violation of Article 112a, UCMJ.  The adjudged and approved sentence was a bad-conduct discharge.  On appeal, Appellant asserts:  (1) the record of trial is not substantially complete and (2) the evidence is legally and factually insufficient to sustain his conviction for wrongfully using cocaine.  He raises both issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We disagree and affirm.

*Background*

Appellant told the military judge during his plea colloquy, *United States v. Care*, 18 C.M.A. 535 (C.M.A. 1969), that he suffered a lower extremity injury when in technical training to become a member of the Tactical Air Control Party (TACP). That injury resulted in both Appellant's reclassification into materiel management and chronic pain for which he held a prescription for several pain medications, including hydrocodone. During a trip to his home in Dallas, Texas, in April 2014, Appellant's friend gave him 12 oxycodone pills. Appellant took portions of the oxycodone pills for pain relief. He did not have a valid prescription for oxycodone.

On 5 May 2014, Appellant's squadron commander ordered all members of his squadron to submit to a urinalysis inspection. Appellant's urine tested positive for the presence of both hydrocodone and oxycodone. A subsequent *Bickel* test was positive for hydrocodone, oxycodone, and cocaine. *See United States v. Bickel*, 30 M.J. 277 (C.M.A. 1990).

Additional facts necessary to resolve the assignments of error are included below.

*Completeness of the Record of Trial*

On 29 July 2014, the Chief Trial Judge of the Air Force detailed a military judge to preside over Appellant's trial. On 12 September 2014, before the initial Article 39(a), UCMJ, 10 U.S.C. § 839(a), session, the trial was reassigned to a successor military judge. While still detailed to the case, the initial military judge held a pretrial conference pursuant to Rule for Courts-Martial (R.C.M.) 802—apparently to discuss scheduling matters—but the substance of that R.C.M. 802 conference was neither reduced to writing nor summarized by the successor military judge on the record. *See* UNIFORM RULES OF PRACTICE BEFORE A.F. COURTS-MARTIAL, Rule 2.6 ("Pretrial RCM 802 Scheduling Conference"). Appellant argues that this omission precludes us from completing our duties under Article 66, UCMJ, 10 U.S.C. § 866, because the record is not substantially complete.

Whether a record is complete and a transcript is verbatim are questions of law that we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014). "The requirement that a record of trial be complete and substantially verbatim in order to uphold the validity of a verbatim record sentence is one of jurisdictional proportion that cannot be waived." *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000).

Rule for Courts-Martial 1103(c)(1) requires that "the record of trial shall include a verbatim transcript of all *sessions* except sessions closed for deliberation and voting." R.C.M. 1103(b)(2)(B) (emphasis added). The allegedly missing information in this case,

however, does not pertain to a session of the court-martial,[1] but rather to a conference held by the initial military judge pursuant to R.C.M. 802. That rule provides: "Conferences need not be made part of the record, but matters agreed upon at a conference shall be included in the record orally or in writing. Failure of a party to object at trial to failure to comply with this subsection shall waive this requirement." R.C.M. 802(b).

In a preliminary Article 39(a), UCMJ, session, the successor military judge summarized the R.C.M. 802 conferences he held with the parties. He also noted that the initial military judge held an R.C.M. 802 conference but stated that he was not privy to what had occurred during that conference. At the conclusion of his discussion of all of the R.C.M. 802 conferences, the military judge asked whether either side desired to supplement or object to his summary of the R.C.M. 802 sessions. Both answered "no."

By expressly declining the opportunity to supplement the record when invited to do so, Appellant has waived review of this issue. R.C.M. 802(b); *see also United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009) (discussing the difference between waiver and forfeiture and the impact of each on an appellant's rights). Assuming arguendo this was forfeiture, not waiver, Appellant is still entitled to no relief as the omission of a summary of this single pretrial conference was insubstantial and did not materially prejudice Appellant's substantial rights. *Henry*, 53 M.J. at 111 (noting that insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as complete).

*Legal and Factual Sufficiency*

Appellant next argues that the evidence is legally and factually insufficient to sustain his conviction for wrongfully using cocaine. His attack is limited to the sufficiency of the evidence to establish the situs of the offense.[2]

We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for legal sufficiency is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.'" *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). In applying this test, "we are bound to draw every reasonable inference from the evidence of record in favor of the

---

[1] A hearing held pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a), is a "session" of the court-martial, *see* Rule for Courts-Martial (R.C.M.) 803, whereas a conference held pursuant to R.C.M. 802 is not.

[2] To sustain its burden of proof, the Government introduced the testimony of the base drug testing program manager, the Airman who observed Appellant provide his sample, and a forensic toxicologist to explain the drug testing process and results.

prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001); *see also United States v. McGinty*, 38 M.J. 131, 132 (C.M.A. 1993).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of [Appellant]'s guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399. The term reasonable doubt, however, does not mean that the evidence must be free from conflict. *United States v. Lips*, 22 M.J. 679, 684 (A.F.C.M.R. 1986). Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

The specification alleged that Appellant used cocaine "at or near" Abilene, Texas, between on or about 19 May 2014 and on or about 2 June 2014. The evidence adduced at trial was that Appellant was present for duty at Dyess Air Force Base on all but one day during that period. On 27 May 2014, however, he took leave and listed his leave location as Dallas, Texas. Appellant argues that his cocaine ingestion—whether knowing or unknowing—may have occurred when he was in Dallas and not "at or near" Abilene.

Because there is no evidence that Appellant's cocaine use *actually* occurred in Dallas, nor did the members' findings change the location of the offense, this is not a case in which we must determine whether there was a fatal variance between the pleadings and the findings.[3] Rather, we must determine whether the members could reasonably have concluded that the cocaine use occurred "at or near" Abilene during the charged time frame and whether we ourselves agree with that conclusion.

The Government offered the testimony of A1C DD, a member of Appellant's squadron's command support staff. A1C DD testified not only about Appellant's leave status during the charged time frame but also that Appellant's commander considered Dallas, Texas, "within the local area" of Dyess Air Force Base. There was no evidence introduced concerning the actual distance between Abilene and Dallas.[4]

During deliberations, the members asked the military judge to define "at or near." After discussion with counsel, the military judge gave the following instruction without objection from either side:

---

[3] "A variance between pleadings and proof exists when evidence at trial establishes the commission of a criminal offense by the accused, but the proof does not conform strictly with the offense alleged in the charge." *United States v. Allen*, 50 M.J. 84, 86 (C.A.A.F. 1999) (citing *United States v. Lee*, 1 M.J. 15, 16 (C.M.A. 1975)).

[4] In argument during an Article 39(a), UCMJ, 10 U.S.C. § 839(a) session, trial defense counsel averred that Dallas was approximately three to three and a half hours' driving time from Abilene.

The law doesn't contain any specific definition of what constitutes at or near, other than the standard definition that we apply to those terms. I'll advise you to use your commonsense and knowledge of the ways of the world in applying those terms during your deliberations. However, I will also redirect you to what we call the variance instruction that I gave to you in my verbal and written instructions. And I'll reread that to you. If you have doubt about the time, place, or manner in which the offense described in the specification may have been committed, but you're satisfied beyond a reasonable doubt that the offense was committed at a time, at a place, or in a particular manner that differs slightly from the exact time, place, or manner in the specification, you may make minor modifications in reaching your findings by changing the time, place, or manner described in the specification, provided that you do not change the nature or identity of the offense.

Appellant does not challenge the accuracy of that instruction.

Based upon the evidence in the record, the members could reasonably have concluded that Appellant's cocaine use occurred "at or near" Abilene, Texas. We have considered the evidence in the light most favorable to the prosecution. We have also made allowances for not having personally observed the witnesses. Having paid particular attention to the matters raised by Appellant, we find the evidence legally sufficient to support his conviction for wrongful use of cocaine. Moreover, we are, ourselves, convinced of his guilt beyond a reasonable doubt.

*Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

5                                                      ACM S32281